**In re L.C.D., a minor.**

**No. 09–00–118 CV.**

Court of Appeals of Texas, Beaumont.

Submitted March 30, 2000.
Decided April 6, 2000.

---

before us, however, as explained in the text above.

8. *See supra* note 7.

J. Martin Green, J. Stephen Green, Green & Green, P.C., Conroe, for relator.

Darlene Payne Smith, Susan W. McCarthey, Crain, Caton & James, Houston, Margaret L. Alexander, Conroe, Judith W. Lenox, Dinkins, Kelly, Lenox & Lamb, L.L.P., Houston, for real parties in interest.

Craig Smyser, Smyser Kaplan & Veselka, L.L.P., Houston, for amicus curiae.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

PER CURIAM.

J. Stephen Green, the attorney ad litem for L.C.D., an incapacitated minor, petitioned this Court for a writ of mandamus to compel the Honorable Dennis Watson, judge of the County Court at Law No. 1, Montgomery County, Texas, to withdraw his order of February 25, 2000, in trial court cause No. 96–15,824–P, ordering the guardian of the person of L.C.D. to execute a Directive to Physicians. *See* TEX. HEALTH & SAFETY CODE ANN. § 166.033 (Vernon Supp.2000).

Seventeen-year-old L.C.D. was born with severe disabilities and cannot speak, read, or write. He is totally dependent upon his guardian for even his most basic

needs. L.C.D. recently suffered abdominal sepsis following a series of surgeries removing substantial portions of L.C.D.'s small intestine. His attending physician certified in writing that L.C.D.'s prognosis is extremely poor. The parties agree that L.C.D. is a "qualified person" under Chapter 166 of the Health and Safety Code because his condition is terminal or irreversible. *See* TEX. HEALTH & SAFETY CODE ANN. § 166.031 (Vernon Supp.2000).

Bertha G. Levy, a non-relative, was appointed guardian of the person of L.C.D. in August 1996. Levy's periodic reports on L.C.D.'s condition have been approved by the court, as has a motion to relocate L.C.D.'s residence. On January 19, 2000, Levy filed a "Motion for Instructions" that sought the following relief:

> Based on the condition of the Ward and the recommendation of his physician, Movant seeks an instruction from this Court as to whether it would be in the best interest of the Ward to consent to a "directive" to "withhold or withdraw life-sustaining treatment" for the Ward, pursuant to Sections 161.031, 161.033, and 161.035 of the Texas Health and Safety Code, and if so, to grant Movant authority to execute such directive.

L.C.D.'s mother and father both executed affidavits expressing the desire that a directive be executed. The trial court conducted a hearing, in which L.C.D.'s physician explained that the future for L.C.D. involved "a lot of pain and suffering for a very marginal end."

██ Mandamus is not available unless there is no adequate remedy at law by appeal. A final order of a court that exercises probate jurisdiction is appealable to the Court of Appeals. TEX. PROB.CODE ANN. § 606(f) (Vernon Supp.2000). In this instance however, no justiciable controversy has been presented to the trial court; therefore, there is nothing to appeal.

██ Before a court may address the merits of any case, the court must have jurisdiction over the party or the property subject to the suit, jurisdiction over the subject matter, jurisdiction to enter the particular judgment, and capacity to act as a court. *The State Bar of Texas v. Gomez,* 891 S.W.2d 243, 245 (Tex.1994). Subject matter jurisdiction requires that the party bringing the suit have standing, that there be a live controversy between the parties, and that the case be justiciable. *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 443–46 (Tex.1993).

We have carefully reviewed the Motion for Instructions and the reporter's record of the hearing on that motion. No controversy was presented to the court through the motion. The guardian did not seek permission to execute a directive to physicians, nor did she seek ratification of her decision to either execute a directive or not execute a directive, nor has any interested party claimed that the guardian has acted, or failed to act, in a manner inconsistent with the best interests of the ward of the court. The guardian merely sought the advice of the court regarding whether a directive was appropriate.

The Probate Code gives the county court at law jurisdiction over guardianship matters. TEX. PROB.CODE ANN. § 606(c) (Vernon Supp.2000). L.C.D. is a ward of County Court at Law No. 1 of Montgomery County, Texas. The judge of the County Court at Law No. 1 of Montgomery County has the duty to use reasonable diligence to determine whether the guardian is performing her duties, and the proper execution of that duty is reflected in the annual reports filed with the court in this guardianship. *See* TEX. PROB.CODE ANN. § 671 (Vernon Supp.2000). As L.C.D.'s duly appointed guardian, Bertha Levy already has the power to consent to medical, psychiatric, and surgical treatment of L.C.D. without court intervention. TEX. PROB.CODE ANN. § 767(4) (Vernon Supp. 2000). The Health and Safety Code specifically authorizes the guardian to execute the directive. TEX. HEALTH & SAFETY CODE ANN. § 166.035 (Vernon Supp.2000).

Decisions regarding medical treatment are the guardian's to make, not the trial court's. The trial court exceeded its authority by ordering the guardian to execute a directive to physicians. Furthermore, by ordering that the directive be irrevocable, the trial court exceeded the statutory authority provided even to the guardian. TEX. HEALTH & SAFETY CODE ANN. § 166.042 (Vernon Supp.2000).

The relator's petition for writ of mandamus is conditionally granted. We direct Judge Watson to vacate his February 25, 2000, order commanding the guardian of L.C.D. to execute an irrevocable directive to physicians. The writ shall issue only if he fails to comply with our order.

WRIT CONDITIONALLY GRANTED.